UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WA HE LUT INDIAN SCHOOL, <br><br> Plaintiff, <br><br> v. <br><br> ANZA SMITH et al., <br><br> Defendants. | CASE NO. 24-cv-05796-BHS <br><br> ORDER |

This matter is before the Court on Plaintiff Wa He Lut Indian School's motion to remand, Dkt. 8. Because Defendants have waived their right to remove, the motion is **GRANTED**.

## I.   BACKGROUND

Wa He Lut Indian School ("School") was founded in 1974 by the Frank's Landing Indian Community. Dkt. 1-3 at 3. The School is located on a parcel in Thurston County that the United States Secretary of the Interior holds title to in fee status. *Id.* The School receives funding from the United States Bureau of Indian Education (BIE). *Id.*

Defendants Anza Smith, Ben Paz, Chi-Tol-Bia Mills, Chrissy Mills, Dakota Case, Dakota Fire Thunder, Deona McCloud, Ervina "Binah" Mccloud, Dillon Woodward,

ORDER - 1

Keetchud'Cabacud Kay Mills, Marie Frank Ironpipe, Qual-Beet-Tub Mills, Syka John, Yekaboltsa Mills, Yesmowit Mills, and Does No. 1–10, allegedly attempted to dispossess the School of its land and personal property and operated an illegal cannabis business within 100 feet of school grounds. Dkt. 1-3. The School brought several state law claims against Defendants in Thurston County Superior Court, including trespass, conversion, and criminal profiteering. *Id.* The Complaint discloses the School's connections with the Frank's Landing Indian Community and the BIE. *Id.* The School served Defendants in July and subsequently received a temporary restraining order against them. Dkt. 1 at 8. The court then imposed a preliminary injunction against Defendants. Dkt. 9-1. Defendants moved to dismiss and to dissolve the preliminary injunction in August and September, both of which the state court denied. Dkts. 1-1, 9-6.

Defendants removed the case on September 20, 2024. Their Notice of Removal asserts that the Court has federal question jurisdiction over "significant federal issues . . . central to the case." Dkt. 1 at 7. The Notice acknowledges that 28 U.S.C. § 1446(b)'s 30-day removal window had closed on August 19, 2024, and claims it was not apparent until September 13, 2024, that the case may require the interpretation of federal documents. *Id.* at 10.

The School argues the removal was untimely on its face and that Defendants waived their right to remove by "actively engaging in defensive litigation for 70 days, including by filing five motions with the state court." Dkt. 8 at 10. It seeks attorneys' fees and costs for Defendants' repeated frivolous filings that it alleges were designed to

prolong litigation and increase costs for the School. Dkt. 8 at 22 (citing 28 U.S.C. § 1447(c)).

## II. DISCUSSION

**A.    Defendants waived their right to remove.**

A defendant may remove any civil action brought in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The defendant has 30 days after receiving the initial pleading or summons to remove the action. 28 U.S.C. § 1446(b).  The right to remove may be waived where, "after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Res. Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "[N]ecessary defensive action to avoid a judgment being entered automatically against" the defendant does not amount to waiver. *Id.*

It is well-settled that the removal statutes are to be strictly construed. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). Strong presumption against removal jurisdiction means the defendant always has the burden of establishing that removal is proper. *Conrad*, 994 F. Supp. at 1198; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is "any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

The School establishes that Defendants' removal was untimely and that they waived their right to remove by litigating in state court. Defendants themselves

acknowledge that they filed the Notice of Removal well past the 30-day removal deadline. While they suggest it became apparent that the case was removable on September 13, 2024, Dkt. 1 at 10, the School's original Complaint, filed July 12, 2024, indicates the case was removable well before. Dkt. 1-4. The Complaint describes the School on "Indian trust land," partially funded by the United States Department of the Interior under an agreement with the United States Bureau of Indian Education. *Id.* at 1, 3. It mentions the School was founded by the Frank's Landing Indian Community, which is subject to the federal Indian Self-Determination and Education Assistance Act. *Id.* at 3. Defendants' filing of several substantive motions indicate their intent to adjudicate the case in state court. These filings do not constitute "necessary defensive action to avoid a judgment being entered automatically against" them. *Res. Trust Corp.*, 43 F.3d at 1240. The Defendants waived their right to removal by litigating in state court well past the 30-day removal deadline.

**B.     Plaintiff's Complaint does not disclose a federal question.**

Defendants argue this case necessitates federal jurisdiction because the School "sits on land designated by Congress and subject to federal oversight" by BIE under the Indian Self-Determination and Education Assistance Act. Dkts. 1, 19 at 2.

Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d

1375, 1379 (9th Cir. 1988) (citations omitted). A defense (or counterclaim) is not part of a plaintiff's properly pleaded statement of claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983). The federal question must be disclosed upon the complaint's face, unaided by the answer or by the petition for removal. *See Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

The School's Complaint includes only state law claims. Dkt. 1-3. There is no federal question on its face.

**C.     The Court declines to award the School attorneys' fees and costs.**

A court may award attorneys' fees incurred as a result of removal when the removing party lacked an objectively reasonable basis for seeking removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "'Congress has unambiguously left the award of fees to the discretion of the district court.'" *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995) (quoting *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)). The Court declines to award the School attorneys' fees and costs incurred as a result of removal.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Wa He Lut Indian School's motion to remand, Dkt. 8, is **GRANTED.** The Clerk shall remand to Thurston County Superior Court and close the case.

//

Dated this 19th day of November, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge